IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERMAINE ALPHONSO HOLLAND, #216-951,     Plaintiff, | * | |
| | * | |
| v. | | CIVIL ACTION NO. PJM-04-3924 |
| | * | |
| LT. SMITH, et al.,     Defendants. | * | |

*******

## MEMORANDUM OPINION

On December 14, 2004, Plaintiff, presently incarcerated at the Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland, filed a pro se action pursuant to 42 U.S.C. § 1983, alleging that Defendants failed to protect him from assault at the hands of fellow prisoners while he was incarcerated at the Maryland House of Correction-Annex ("MHCX") in Jessup, Maryland. Paper No. 1. The case now is before the Court on a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed on behalf of Defendants. Paper No. 8. This Motion, which will be treated as a Motion for Summary Judgment, has not been opposed by Plaintiff.[1]  No hearing is needed to resolve the facts and issues presented in this case. *See* Local Rule 105.6.

### I. STATEMENT OF FACTS

According to Plaintiff, Defendants have failed to protect him. Plaintiff contends that Defendant Lt. Smith, a gang intelligence officer, told several members of the Bloods and Black Guerrilla Family ("BGF"),

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on March 31, 2005, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 9. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. *Id*.

two "Strategic Threat Groups" or prison gangs, that Plaintiff was an informant. Paper No. 1. Plaintiff states that he attempted to file an administrative remedy request regarding the matter but Sgt. Watkins refused to process the request because she is also a gang intelligence officer. He further alleges that he informed Sgt. Lowry and Maj. Towns of Smith's actions but they refused to take any action. On June 30, 2004, Plaintiff was attacked by another inmate. *Id.*

According to the unrefuted records before the Court, on November 4, 2003, Plaintiff was transferred to MHCX. Paper No. 8, Ex. 1. Plaintiff is a validated member of the Strategic Threat Group BGF. *Id.*, Ex. 2. Plaintiff also had alliances with two other Strategic Threat Groups known as the Bloods and the Crips. *Id.*

On June 30, 2004, while in the Dietary Supervisor's Office, Lt. Todd Roland and Sgt. Michael Chalmers observed Plaintiff running past the office, bleeding from his head. *Id.*, Ex. 3, p. 2. The officers observed inmate Andre Lawson chasing Plaintiff and brandishing a homemade knife. The inmates were ordered to stop and face the wall. Both complied with the order and Lawson dropped the knife. They were then secured and escorted to the medical department. Plaintiff sustained a laceration to the top of his head and a laceration on the back of his scalp. Plaintiff also had several scratches on the back of his neck and left forearm. A stab wound was observed on Plaintiff's right lower back. *Id.* Plaintiff admitted that he had been stabbed on the back the previous day. Plaintiff's head wound was sutured closed and the stab wound was cleaned and covered with a dressing. *Id.*

Plaintiff was interviewed by Lt. Williams on the day of the attack. Plaintiff stated that Lawson attacked him because they were both members of the BGF and Plaintiff tried to denounce and leave the BGF. Lawson as a new BGF recruit was ordered to "hit" Plaintiff. *Id.*, Ex. 3, p. 9-10. Plaintiff admitted

2

to Lt. Williams that he had been stabbed in "the big yard" the previous day. He stated that he did not notify any officer or staff member of the attack. *Id.* Plaintiff was placed on administrative segregation pending investigation and possible placement on protective custody. Plaintiff waved assignment to protective custody on July 8, 2004. *Id.*, Ex. 3, p. 36 and Ex. 4, p. 1.      On July 19, 2004, Plaintiff was interviewed by Corporal Janney. Plaintiff advised Janney that Lawson stabbed him because of an existing problem with one of the gangs in the prison. *Id*., Ex. 3, p. 3. Plaintiff claimed that he and Lawson were members of the same gang and that Lawson had been given drugs to stab Plaintiff. *Id.*

Plaintiff's status was reviewed on August 8, 2004, and he was continued on administrative segregation. *Id.*, Ex. 5. At his next status review, held on September 1, 2004, Plaintiff stated that he was in fear for his life. He was placed on protective custody. *Id.*, Ex. 6. On October 20, 2004, Plaintiff was transferred to RCI. *Id.*, Ex. 1.

## II. STANDARD OF REVIEW

In order to survive a defendant's properly supported motion for summary judgment, a plaintiff is required to produce some evidence to support each of his constitutional claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 322. While the facts and all reasonable inferences drawn therefrom must be viewed in a light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp*., 759 F.2d 355, 364 (4th Cir. 1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*.,

475 U.S. 574, 586 (1986). Only disputed issues of material fact will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**A.     Failure to Protect**

Plaintiff complains that his right to be free from cruel and unusual punishment has been violated due to prison officials' failure to protect him from assault by another prisoner. The Eighth Amendment does recognize this right. *See  Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).  As noted by the Supreme Court  in *Farmer v. Brennan*, 511 U.S. 825, 833 (1994),

> Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.  Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course.  Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective any more than it squares with evolving standards of decency.  Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.

In a failure to protect claim, a prisoner must show, first, that the harm he suffered was objectively serious, and second, that prison officials acted with deliberate indifference. *Id***.** at 834.

The undisputed records before the Court reveal that Plaintiff suffered two lacerations  as a result of the assault on him by Lawson.  Assuming, arguendo,  that the lacerations were held to satisfy the first prong of the *Farmer* test, the second element is more problematic.

Deliberate indifference in the context of a failure to protect claim means that defendant "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

the inference." *Farmer*, 511 U.S. at 837.  Unless a prison official actually makes this inference, he does not act with deliberate indifference, even where his actions violate prison regulations or can be described as stupid or lazy. *Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997); *see also Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997) ("[T]he fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety.").

After the June 30, 2004 attack on Plaintiff by Lawson, he admitted to having been stabbed the previous day in "the big yard" but not reporting the incident to staff.  As a result of the June 30, 2004 attack, Plaintiff was immediately placed on administrative segregation, and was considered for placement on protective custody, which he declined.  He remained on administrative segregation until he requested protective custody, which was granted.  At no time during the investigation of the June 30, 2004 attack did Plaintiff claim that any staff member told inmates that Plaintiff was an informer.  Rather, by Plaintiff's own admissions he was attacked due to his efforts to distance himself from the BGF, not because Defendants had identified him as a gang member or informer.[2]   As noted, a prison official is deliberately indifferent when he possesses actual, subjective knowledge of an excessive risk of harm to the prisoner's safety and disregards it. *Farmer*, 511 U.S. at 837-39.  There is simply no evidence before the Court that Defendants were deliberately indifferent to Plaintiff's safety.

Plaintiff, the non-moving party, must establish the existence of a genuine issue of material fact by presenting evidence on which a fact-finder could reasonably find in his favor.  Plaintiff has

---

[2] Defendant Smith specifically avers that he did not discuss Plaintiff with anyone. Paper No. 8, Ex. 7.

5

failed to submit evidence to support his claim, or to put the material fact of this case--the failure to protect--in dispute. *See generally Gray v. Spillman*, 925 F.2d 90 (4th Cir. 1991). Although the non-moving party may rely upon a verified complaint when allegations therein are based on personal knowledge, *see Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991), Plaintiff's complaint is not verified. Accordingly, Defendants' unopposed Motion for Summary Judgment shall be granted.

**B.     Conspiracy**

To the extent Plaintiff's Complaint can be construed as alleging a conspiracy among Defendants, his claim fails. A conclusory allegation of a conspiracy, such as is made in this case, is insufficient to state a claim. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2nd Cir. 1997) (unsupported claim of conspiracy to issue false disciplinary reports fails to state claim); *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) ("Allegations of conspiracy . . . must be pled with sufficient specificity and factual support to suggest a meeting of the minds.") (quotation omitted). *Langworthy v. Dean*, 37 F. Supp.2d 417, 424-25 (D. Md. 1999). Lt. Smith denies that he provided information regarding Plaintiff to anyone. Paper No. 8, Ex. 7. Additionally, there is no evidence, other that Plaintiff's bald allegations, that he submitted an ARP concerning the matters alleged. Paper No. 1. and Paper No. 8., Ex. 2. Again, Plaintiff has failed to submit evidence to support his claim.

### III.  CONCLUSION

In light of the foregoing, a separate Order shall be entered granting Defendants' Motion for Summary Judgment, and entering judgment in their favor and against Plaintiff.

May 19, 2005                                                                          /s/
                                                                          PETER J. MESSITTE
                                                                       UNITED STATES DISTRICT JUDGE